[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISQUALIFY RESPONDENT'S COUNSEL
The petitioner brings this petition for a writ of habeas corpus alleging in four counts: (1) ineffective assistance of trial counsel; (2) ineffective assistance of Appellate counsel; (3) actual innocence; and (4) erroneous instructions of law. He has moved to disqualify respondent's counsel on the ground that having been the prosecutor in the criminal trial, he may be called as a witness concerning a plea bargain negotiated with defense counsel. The petitioner has alleged in the first count in paragraph 12(d) "Petitioner's constitutionally guaranteed right to effective assistance of counsel at trial was violated. . . . CT Page 5237 in that Petitioner's trial counsel failed to properly explain to Petitioner the risks and benefits of a plea offer and/or failed to recommend an obviously exceptional plea offer and/or erroneously advised Petitioner to refuse a plea offer. . ."
The petitioner cites "Rules of Professional Conduct" Rule 3.7(a) "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. . ." There is no allegation that counsel for the respondent herein, who was also the prosecuting attorney in the petitioner's criminal trial, was privy to the discussion between the petitioner and his criminal trial attorney on the alleged plea bargain. If there was a plea bargain, and the parties do not appear to deny such, the only likelihood that such testimony would be warranted would be a disagreement by the petitioner and his criminal trial counsel as to what the plea agreement discussed was. In such a case the testimony of respondent's counsel would likely be uncontested.
Respondent's counsel has argued against this motion in that (1) if called his testimony relates to an uncontested issue; (2) that this issue in the whole of the case is insignificant; (3) the allegations herein may bring up many complex pieces of evidence which arose in the original criminal trial with which he is familiar and therefore would put the respondent at a substantial disadvantage in denying his service; and (4) that the fact finder here would be the trial judge who is not likely to weigh the credibility of such witness less or more by his appearance as the trial attorney.
Balancing the risk of violation and its consequences against the respondent's right to have the knowledge which counsel has from the criminal trial, the court must conclude that the chance of actual violation is insignificant as against the substantial hardship to the respondent. State v. Rapuano, 192 Conn. 228,232-3.
For the above reasons the motion to disqualify is denied.
Thomas H. Corrigan, Judge Trial Referee